## A90A1134. PATTERSON v. THE STATE.
(397 SE2d 38)

BANKE, Presiding Judge.

The appellant was convicted of possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. His sole enumeration of error on appeal is directed to the denial of his motion to suppress the cocaine.

The appellant was arrested during the execution of a search warrant for a residence from which an undercover agent had recently purchased cocaine. According to the arresting officer, the appellant was standing on the back porch of the residence when the police units arrived, but immediately upon seeing them he began walking towards a car which was parked on the street. The officer stated that he observed the appellant remove a black object from inside his clothing as he approached the car, and then toss it inside the vehicle as he was opening the door to get in. The officer described the portion of the object which he was able to see protruding from the appellant's hand as being cylindrical in shape and testified that it appeared to him to be a weapon. He stated that he confronted the appellant as the latter

was getting into the car, stopped him from closing the car door completely, looked inside, and saw a black revolver lying on the floorboard. He then ordered the appellant to get out, asked him if he had a permit for the weapon, and arrested him for carrying a concealed weapon when he responded that he did not. The cocaine upon which the appellant's drug conviction was based was discovered inside his pants pocket during a search of his person conducted incident to this arrest. *Held*:

The appellant contends that his arrest for carrying a concealed weapon was unlawful because he was not advised of his *Miranda* rights prior to being asked whether he had a permit for the revolver. This contention is without merit. "Carrying a pistol without a license and carrying a concealed weapon are separate offenses even though they grow out of the same [transaction]. [Cit.] A prima facie case is established by proof that the defendant carried a pistol in a public place and he bears the burden of proving he has a valid license. [Cit.]" *Jordan v. State*, 166 Ga. App. 417, 419 (304 SE2d 522) (1983). Based on the arresting officer's testimony in this case, the trial court was authorized to conclude that probable cause existed to arrest the appellant on the charge of carrying a concealed weapon even before he was asked whether he had a license to carry the pistol. See generally OCGA § 16-11-126. Accordingly, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Herbert Shafer*, for appellant.

*Lewis R. Slaton, District Attorney, Grover W. Hudgins, Joseph J. Drolet, Rebecca A. Keel, Assistant District Attorneys*, for appellee.